UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAYMUND McDERMOTT,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>LIFE INVESTORS INSURANCE<br>COMPANY OF AMERICA,<br><br>　　　　　　　　Defendant. | Case No. C06-5344  RBL<br><br>ORDER DENYING MOTION TO REMAND |

I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Raymund McDermott filed a complaint in Washington state court against his long-term care insurance provider, Life Investors Insurance Company of America, alleging breach of contract. On June 15, 2006, Defendant filed a notice of removal based on diversity jurisdiction. (Dkt. No. 1). Now before the Court is Plaintiff's motion to remand. (Dkt. No. 7). Having reviewed the parties' submissions and finding that oral argument is not necessary for the disposition of this motion, the Court hereby DENIES Plaintiff's motion because the amount in controversy exceeds $75,000. The reasons for the Court's order are set forth below.

## II. BACKGROUND

On May 16, 1999, Bankers United Life Assurance Company issued a long-term care insurance policy to Plaintiff and his wife, Phyllis McDermott. Plaintiff's payments are current under the policy.

On July 1, 2005, Mrs. McDermott was admitted to an Alzheimer/Dementia care facility in Longview, Washington. Plaintiff submitted an application for benefits under the policy. Defendant denied coverage because the care facility does not meet the policy definition of a "Nursing Home."

On May 31, 2006, Plaintiff filed a complaint against Defendant alleging breach of contract. Plaintiff alleged $22,804.94 in damages for past benefits, plus prejudgment interest. Plaintiff also sought a judgment against Defendant for an amount equal to all benefits now "due and owing" to Plaintiff under the policy.

## III. STANDARD OF REVIEW

An action is removable to a federal court only if it could have been brought there originally. 28 U.S.C. § 1441(a). 28 U.S.C § 1332(a)(1) provides, in relevant part, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . citizens of different States." If at any time before final judgment, the court determines that it is without subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c).

There is a strong presumption against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). Defendant always bears the burden of establishing the propriety of removal. *Id.* Where the amount of damages sought by a plaintiff is unclear, defendant must prove facts supporting the jurisdictional amount by a preponderance of the evidence. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403 (9th Cir. 1996); *Gaus,* 980 F.2d at 567 (citation omitted); 28

U.S.C. § 1332(a). Thus, defendant must demonstrate that it is "more likely than not" that the amount in controversy exceeds $75,000. *Sanchez,* 102 F.3d at 404.

The court determines whether defendant has met this burden by first considering whether it is "facially apparent" from the complaint that the jurisdictional amount is satisfied. *See Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997). If the complaint does not clearly specify damages, the court may examine facts in the complaint and evidence submitted by the parties. *See id.*

## IV. DISCUSSION

The parties do not dispute diversity of citizenship. Accordingly, this motion turns on whether the requisite "amount in controversy" exists. The parties find themselves in the curious position of arguing their opponent's case. Plaintiff argues Defendant cannot prove, by a preponderance of the evidence, that the requisite amount in controversy exists because the only specific damages alleged in the complaint are $22,804.94. (Dkt. No. 7 at 4). Defendant responds that, considering future benefits, the amount in controversy exceeds the jurisdictional amount.

As an initial matter, determining whether Defendant meets its amount in controversy burden is arguably moot because a careful reading shows Plaintiff's complaint seeks both past and future relief under his insurance policy. Plaintiff's relief requested, after all, includes judgment against Defendant for "an amount equal to all benefits due *and owing*" to Plaintiff under the policy. (Dkt. No. 1 at 9) (emphasis added). Nevertheless, the Court still examines Defendant's argument that future benefits should be considered and these benefits create an amount in controversy in excess of $75,000.

The Ninth Circuit's recent trend is to consider future damages in determining the amount in controversy.[1] Moreover, the Tenth Circuit considers disputed future benefits under an insurance policy in

---

[1] *See Crum v. Circus Circus Enters.,* 231 F.3d 1129, 1131 (9th Cir. 2000) (reversing dismissal for lack of subject matter jurisdiction, relying in part on estimated future medical expenses to determine the amount in controversy); *Galt G/S v. JSS Scandanavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998) (holding that attorney's fees are to be considered in determining the amount in controversy); *Steel v. United States,* 813 F.2d 1545, 1547 (9th Cir. 1987) (considering claim to future pension payments in determining the amount in

determining the amount in controversy. *See Adams v. Reliance Standard Life Ins. Co.,* 225 F.3d 1179, 1183-84 (10th Cir. 2000).

Defendant, if liable, would be required to pay Plaintiff $100 per day towards Mrs. McDermott's nursing home costs. Because there is little chance Mrs. McDermott will recover from Alzheimer's Disease, she will likely remain in a nursing home for her remaining life. According to Defendant, there is a 70% probability Mrs. McDermott will live until December 31, 2007. (Dkt. No. 12 at 3). At that time, Mrs. McDermott's approximate benefits would total $93,430.00, excluding waiver of premium benefits, interest, fees, or costs. (Dkt. No. 12 at 6). In fact, Mrs. McDermott's benefits could total as much as $122,400 if she lives her full life expectancy of 5.4 more years. *Id.* at 3. Because future benefits are properly considered when calculating the amount in controversy and Plaintiff requests future relief in his complaint, Defendant meets its burden that the amount in controversy exceeds $75,000.

## V. CONCLUSION AND ORDER

Consistent with the discussion above, the Court DENIES Plaintiff's motion to remand.

DATED this 14th day of September, 2006.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

controversy); *see also Simmons v. PCR Tech.,* 209 F. Supp. 2d, 1029, 1035 (N.D. Cal. 2002) (stating that "the court considers the amount in controversy based on the damages that can reasonably be anticipated at the time of removal").